# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Eric Anthony Grimes,                      Case No. 3:18CV2524

          Plaintiff

          v.                                       ORDER

Lucas County Child Support Enforcement, *et al.*,

          Defendants

Eric Anthony Grimes brings this *pro se* action against the Lucas County Child Support Enforcement Agency (CSEA), CSEA Attorney Mary Ellen Lazer[1], Lucas County, Ohio Juvenile Court Judge Connie Farmer Zemmeiman[2], and Shanna Hall. Briefly stated, plaintiff's claims are: "Depervation [*sic*] of Right Under the Color of Law, Failure to provide documentation for an Information return with the IRS." (Doc. 1 at 4). He further alleges "[a]ntitrust violations and restraint of trade while monopolizing under color of law." (*Id.*). He seeks one million dollars as relief.

I will dismiss the complaint for a lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted.

       **I.**      **There Is No Subject Matter Jurisdiction Over the Antitrust and IRS Documentation Claims**

---

[1] In a letter attached to his complaint, Grimes spells this defendant's name "Lazar." For purposes of this opinion, I use the spelling Grimes listed on his complaint.

[2] Grimes misspells Judge Zemmelman's name in his complaint. For purposes of this opinion, however, I adopt the spelling he uses in his complaint.

Grimes claims that jurisdiction is proper over the antitrust and IRS documentation claims under both 28 U.S.C. §§ 1331 and 1332. I disagree.

First, Grimes alleges that jurisdiction is proper because diversity of citizenship exists in this case. It does not: The defendants and Grimes reside in Ohio. (Doc. 1 at 1-2). Accordingly, there is no diversity of citizenship in this case, and I do not have jurisdiction pursuant to 28 U.S.C. § 1332.

Next, Grimes alleges that jurisdiction is proper because this case involves a federal question. It does not.

Federal courts lack subject-matter jurisdiction "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial or frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *see also Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008).

To the extent Grimes seeks to bring antitrust claims against the defendants, his claims are "wholly insubstantial and frivolous." Indeed, none of the federal statutes he cites as a basis for his antitrust claim provides a private right of action; they are criminal statutes carrying criminal penalties. *See* 15 U.S.C. §§ 1, 2.

Likewise, Grimes's claim for "Failure to provide documentation for an Information return with the IRS" is "wholly insubstantial and frivolous." Indeed, Grimes points to no basis in specifically applicable law for this claim; instead, he cites the entire Internal Revenue Code *en gros*. (Doc. 1 at 3 (citing "26 USC ALL")). If he does not know where to find the legal basis for his putative claim, then neither do I. That's his job, not mine. *Cf.*, *e.g., Carr v. Noble*, 2015 WL 5579441, at *2 (S.D. Ohio 2015) (Neither the court nor the defendants have any obligation to

"sift through [plaintiff's] Complaint" (or, in this case, the United States Internal Revenue Code) to try to find some cognizable basis for exercising jurisdiction where the plaintiff has himself failed to do so).

Accordingly, I dismiss the antitrust claims and the IRS documentation claims for lack of subject matter jurisdiction.

## II. Grimes Fails to State a Constitutional Claim for Which Relief May Be Granted

For his constitutional claims, Grimes alleges "Depervation [*sic*] of right under the color of law," and cites the Supremacy Clause and the federal civil rights conspiracy statute, 42 U.S.C. § 1985.[3] But, other than naming the defendants in his complaint, Grimes fails to identify who violated his constitutional rights or what violations he suffered.

Instead, to his complaint Grimes attaches a letter he wrote to defendant Lazer (Doc. 1 at 8), apparently in response to a court summons or notice. His letter states that he did "not consent to these proceedings, nor do[es he] recall any valid contracts with your agency or the state of Ohio to support your claims and/or represent" him. He concludes that CSEA and Lazer "are operating outside of the Supremacy Clause." (*Id.*).

Even construing the letter as part of his complaint, Grimes provides no facts showing how any of the defendants violated his constitutional rights. *See Peffer v. Thompson*, --- Fed. App'x ----, 2018 WL 5255257, *2 (6th Cir.) (explaining § 1983 plaintiffs must set forth factual allegations to state a claim on which relief may be granted). His letter is nonsensical, at best, and frivolous, at worst. I therefore disregard his conclusory allegation that he suffered a

---

[3] Grimes also cites the federal criminal statutes barring deprivation of constitutional rights. Because this is a civil case, I dismiss his claims under those statutes as frivolous and, accordingly, for want of subject matter jurisdiction. *See* 18 U.S.C. §§ 241-242; *Bell*, *supra*, 327 U.S. at 682-83.

constitutional violation and dismiss the constitutional claims. *See Kelm v. Hyatt*, 44 F.3d 415, 422 (6th Cir. 1995) (dismissing *sua sponte* plaintiff's constitutional claims for failure to state a claim on which relief may be granted).

### III.     Conclusion

It is hereby

ORDERED THAT this action (Doc. 1) be, and the same hereby is, dismissed *sua sponte* as facially frivolous and lacking in any cognizable allegation of federal jurisdiction.

Rational jurists could not reasonably dispute this decision or its rationale, and no appeal shall be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge